# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JERRY JERMAINE HEFLIN, ) | CASE NO. 1:22-CV-00863-CEF |
| ) | |
| Plaintiff, ) | JUDGE CHARLES ESQUE FLEMING |
| ) | UNITED STATES DISTRICT JUDGE |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| WARDEN KENNETH BLACK, ) | CARMEN E. HENDERSON |
| ) | |
| Defendant, ) | **REPORT AND RECOMMENDATION** |
| ) | |

This matter is before the Court upon Jerry Jermaine Heflin's ("Petitioner") *Motion for leave; Requesting Personal Recognizance Release*, filed June 7, 2023. (ECF No. 19). Warden Kenneth Black ("Respondent") filed an opposition brief on June 21, 2023. (ECF No. 20). For the following reasons, the Court recommends the motion be DENIED.

"A prisoner seeking bail pending review of his habeas petition must, among other requirements, convince the district court that exceptional circumstances and the 'interests of justice' warrant relief." *Pouncy v. Palmer*, 992 F.3d 461, 463 (6th Cir. 2021) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). An inmate can rarely satisfy such a standard. *Id.*; *see also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (superseded in part by the Anti-Terrorism and Effective Death Penalty Act of 1996 but holding related to exceptions still valid). Aside from proving exceptional circumstances, a petitioner must also demonstrate the existence of a "substantial claim of law based on the facts" for release. *See Dotson*, 900 F.2d at 79.

Courts have released habeas petitioners for varied "exceptional circumstances." *See Gideon v. Lima Mun. Court*, No. 3:21CV2087, 2021 WL 6503756, at *3 (N.D. Ohio Nov. 19, 2021) (rejecting a habeas petitioner's emergency motion for bond since (1) none of his physical ailments "appear[] to require ongoing medical attention" during his sentence, (2) mobility problems are not uncommon among prisoners, and (3) the petitioner did not allege substandard medical care at the prison), *report and recommendation adopted*, No. 3:21 CV 2087, 2021 WL 6031492, at *3 (N.D. Ohio Dec. 21, 2021) ("Courts have limited exceptional circumstances warranting release during review to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition.") (quotations omitted); *see also Puertas v. Overton*, 272 F. Supp. 2d 621, 628, 631 (E.D. Mich. 2003) (releasing seventy-six-year-old Petitioner with "severe coronary artery disease and bladder cancer" requiring continued treatment). However, petitioners must meet a "high bar" to be released for health conditions. *See Gideon*, 2021 WL 6031492, at *3 (citing *Jefferson v. Ohio*, No. 3:18cv779, 2020 WL 1983065, at *22 (N.D. Ohio Apr. 27, 2020) ("[B]ronchitis and epilepsy . . . are not so unusual such that they would warrant the extraordinary measure of granting release.")).

Here, Petitioner seeks release to care for his mother whom he alleges is in her seventies and suffers from dementia, chronic joint and back pain, and hearing loss. (ECF No. 19-2, PageID #: 790, 791). He also alleges his sister's health is declining and that she requires care. (ECF No. 19-2, PageID #: 791; ECF No. 19-3, PageID #: 799). Petitioner attached several exhibits, including affidavits from his mother and sister, which detail his family members' declining health. (*See* ECF Nos. 19-3, 19-4, 19-5). He does not allege health problems of his own in the motion.

Respondent argues Petitioner cannot demonstrate a substantial claim on the merits of his habeas petition or any exceptional circumstances warranting release. (ECF No. 20, PageID #: 810). Respondent also argues Petitioner's claims are time-barred, not cognizable, and procedurally defaulted. (ECF No. 20, PageID #: 810).

Regardless of whether Petitioner can demonstrate a "substantial claim of law," he has not met the "high bar" for showing exceptional circumstances. He has not demonstrated any of the conditions discussed in *Gideon*—grave illness of petitioner, minor crime warranting a short sentence, or any extraordinary delay in the processing of his habeas petition. *See* 2021 WL 6031492, at *3. As mentioned above, Petitioner has not alleged any concerns about his personal health in his motion. Likewise, he is currently serving an eighteen-year prison sentence for two counts of aggravated robbery with firearm specification.[1] (*See* ECF No. 16, PageID #: 290; ECF No. 16-1, PageID #: 417–18). Several years of his prison sentence remain since he was originally sentenced on August 4, 2010. (*See* ECF No. 16-1, PageID #: 417). Finally, Petitioner has not alleged any extraordinary delays in his habeas petition.

Petitioner has also failed to demonstrate that caretaking responsibilities constitute exceptional circumstances for release. He has not cited any case law establishing caretaking as an exceptional circumstance, and this Court cannot find precedent in this Circuit where other courts released a habeas petitioner for such a reason.

Accordingly, the Court finds that Petitioner has failed to demonstrate exceptional circumstances as required to obtain release. The Court therefore RECOMMENDS that this motion be DENIED.

---

[1] The Court notes that Petitioner mistakenly alleged he was serving a twenty-two year sentence in his habeas corpus petition. (*See* ECF No. 1, PageID #: 1).

3

Dated: June 22, 2023

                                                      s/ *Carmen E. Henderson*
                                                      CARMEN E. HENDERSON
                                                      U.S. MAGISTRATE JUDGE