IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY JERMAINE HEFLIN, | ) | CASE NO. 1:22-CV-00863-CEF |
| | ) | |
| PETITIONER, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN KENNETH BLACK, | ) | CARMEN E. HENDERSON |
| | ) | |
| RESPONDENT, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

I.  Introduction

Jerry Jermaine Heflin ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is an Ohio prisoner who is currently serving an aggregate prison term of eighteen years for aggravated robbery with firearm specifications. (ECF No. 1, PageID #: 1; ECF No. 16-1, PageID #: 417-18). Petitioner now asserts thirteen grounds for relief. (ECF No. 1, PageID #: 16-32). Warden Kenneth Black filed a return of writ on September 12, 2022. (ECF No. 16). Petitioner filed a traverse on September 26, 2022 (ECF No. 18). Also pending is Petitioner's motion to supplement his petition, which is fully briefed. (ECF Nos. 24, 25, 26).

This matter was referred to the Court under Local Rule 72.2 to prepare a report and recommendation on Heflin's petition and other case-dispositive motions. Because Petitioner has presented only untimely claims, his motion to supplement will be denied and I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

1

## II. Relevant Background

The Ohio Court of Appeals for the Sixth Appellate District set forth the following facts[1] on direct appeal:

{¶ 2} On March 31, 2010, appellant was indicted on two counts of aggravated robbery with gun specifications in violation of R.C. 2911.01(A)(1) and felonies of the first degree. He was also indicted on two counts of robbery in violation of R.C. 2911.02(A)(2) and felonies of the second degree. Appellant filed a motion to suppress challenging the photo arrays that were used to identify him as a suspect. The motion was denied on August 5, 2010. A jury trial followed.

{¶ 3} Christopher Osborn testified that he has worked in the downtown Toledo, Ohio area for approximately 25 years. On the morning of October 28, 2009, he headed to his normal parking spot located on Walnut Street near Huron Street. As he proceeded down Walnut Street, he noticed someone standing at the corner. He testified that he kept his eye on the man because it was unusual to see someone just standing at the corner. Osborn parked and exited his car. He began walking to work. From the corner of his eye he watched as the man started walking towards him. When they were within three feet of each other, Osborn testified that the man opened his jacket and pulled out a gun. He instructed Osborn to go back to his car. Once there, he asked Osborn if he had any valuables and he asked for Osborn's wallet. Osborn gave the man his wallet and the man then told Osborn to walk away. Osborn went into a nearby business to call the police and report the robbery. In court, Osborn identified appellant as the man who robbed him.

{¶ 4} Anthony Schortgen testified that he also works in the downtown Toledo area. On the morning of January 22, 2010, he parked his car at the corner of Walnut and Huron Streets. As he exited his vehicle, he noticed a man standing on the other side of the Street. As he began his walk to work, he testified that he kept his eye on the man. The man crossed the street and soon came up behind Schortgen. Schortgen said "good morning" to the man and the man demanded money. When Schortgen told him that he did not have any money, the man showed him a gun and pointed it at Schortgen's stomach. Schortgen then gave the man $14.00 from his pocket. The man turned and walked away and Schortgen called 911. In court, Schortgen identified appellant as the man who robbed him.

{¶ 5} A jury found appellant guilty on two counts of aggravated robbery with gun specification.

*State v. Heflin*, No. L-10-1268, 2011-Ohio-4134, ¶¶ 2-5 (6th Dist. Ohio Ct. App. Aug. 19, 2011).

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

### III. Additional State Procedural History

#### A. Direct Appeal

Petitioner, through counsel, filed a notice of appeal with the Sixth District of the Ohio Court of Appeals on September 1, 2010. (ECF No. 16-1 at PageID #: 419). Petitioner filed his appellate brief on January 11, 2011, raising two assignments of error:

> I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SEVER.
>
> II. THE IDENTIFICATION PROCEDURE WAS UNDULY SUGGESTIVE.

(*Id.* at PageID #: 428). A week later, Petitioner filed an amended brief, raising the same assignments of error. (*Id.* at PageID #: 444-58). The State filed a response brief on March 11, 2011. (*Id.* at PageID #: 466-79). On August 19, 2011, the appellate court rejected Petitioner's assignments of error. (*Id.* at PageID #: 480-88).

#### B. Appeal to the Ohio Supreme Court

On October 12, 2012, Petitioner filed a notice of appeal and a motion for delayed appeal in the Supreme Court of Ohio. (*Id.* at PageID #: 489-94). Petitioner asserted he did not timely file his appeal because his appellate counsel did not notify him of the appellate court's ruling. (*Id.* at PageID #: 492, 497). The Supreme Court of Ohio denied Petitioner's motion and dismissed his appeal on November 28, 2012. (*Id.* at PageID #: 507).

#### C. Petition for Postconviction Relief

On March 14, 2017, Petitioner filed a pro se petition for postconviction relief in the trial court, alleging ineffective assistance of counsel. (*Id.* at PageID #: 516-21). The trial court denied the petition on March 24, 2017, finding that the petition was untimely and raised issues that could have been raised on direct appeal such that they were now barred. (*Id.* at PageID #: 529-31).

Petitioner filed a notice of appeal of this denial with the Sixth District Court of Appeals on April 20, 2017. (*Id.* at PageID #: 533-34). On May 5, 2017, because Petitioner did not file the notice of appeal in the trial court, the appellate court struck the notice of appeal and dismissed the appeal for lack of jurisdiction. (*Id.* at PageID #: 539-40).

Petitioner filed a notice of appeal and memorandum in support of jurisdiction in the Supreme Court of Ohio on June 19, 2017. (*Id.* at PageID #: 541-549). Petitioner argued that the appellate court "should have granted the Appellant the opportunity to correct the filing error, rather then totally stiken [sic] and dismissing the action." (*Id.* at PageID #: 546). The Supreme Court of Ohio declined to accept jurisdiction on October 11, 2017. (*Id.* at PageID #: 552).

### D. Ohio Appellate Rule 26(B) Application to Reopen Direct Appeal

On April 25, 2022,[2] Petitioner filed a pro se application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B) in the trial court. (*Id.* at PageID #: 553-57). The State filed an opposition on May 3, 2022. (*Id.* at PageID #: 558-59). On May 10, 2022, the trial court denied Petitioner's request, finding that it lacked jurisdiction and "Defendant's request to reopen his appeal would be properly directed to the Court of Appeals." (*Id.* at PageID #: 561).

### E. Petition to Vacate or Set Aside Judgment

On May 9, 2022, Heflin filed a petition to set aside or vacate his conviction. (*Id.* at 563). The petition raised ten claims: (1) "Fraud upon the Court;" (2) "Ineffective and Incompetent Assistance of Counsel;" (3) "Evidentiary Hearing Deprivation;" (4) "Structural Error's;" (5) "Unclean Hands Doctrine;" (6) "Brady Law Violation Pursuant to Brady v. Maryland 373 U.S. 83;" (7) "Miscarriage of Justice;" (8) "United States Constitutional and Amendment Rights

---

[2] On April 26, 2022, Petitioner filed a motion for leave to file a delayed appeal from a separate May 28, 2010 conviction for grand theft. (ECF No. 16-1 at PageID #: 508; *see id.* at PageID #: 513). The appellate court denied the motion on May 10, 2022, finding that Petitioner failed to follow the procedural rules or "to give any explanation for his twelve year delay in filing a direct appeal." (*Id.* at PageID #: 513-15).

4

Violation's;" (9) "The Trial Court Errored In Denying Defendant's Motion to Sever;" and (10) "The Identification Procedure was Unduly Suggestive." (*Id.* at 573-86). The State filed an opposition on June 10, 2022. (*ld.* at PageID #: 638-52). The trial court denied relief on June 30, 2022, finding the petition was an untimely successive petition which raised issues barred by res judicata. (*Id.* at PageID #: 655-59).

## IV.  Federal Habeas Corpus Petition

On May 24, 2022, Heflin petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). Heflin's first ten grounds for relief are identical to those raised in his second state postconviction petition: (1) "Fraud upon the Court;" (2) "Ineffective and Incompetent Assistance of Counsel;" (3) "Evidentiary Hearing Deprivation;" (4) "Structural Error's;" (5) "Unclean Hands Doctrine;" (6) "Brady Law Violation Pursuant to Brady v. Maryland 373 U.S. 83;" (7) "Miscarriage of Justice;" (8) "United States Constitutional and Amendment Rights Violation's;" (9) "The Trial Court Errored In Denying Defendant's Motion to Sever;" and (10) "The Identification Procedure was Unduly Suggestive." (*Compare* ECF No. 1 at PageID #: 16-29 *with* ECF No. 16-1 at PageID #: 574-86). Petitioner raises the following additional grounds: (11) he was forced to plead no contest in a separate grand theft case as the result of police brutality; and (12) "actual innocence."[3] (ECF No. 1 at PageID #: 30-31). Petitioner supplemented his petition on multiple occasions to include additional documents. (ECF Nos. 6, 7, 10, 11, 12, 15). Respondent filed a return of writ on September 12, 2022. (ECF No. 16). Petitioner filed a traverse September 26, 2022. (ECF No. 18).

---

[3] Heflin's memorandum includes a section labeled "Ground Thirteen: Appendix, In Support, Habeas Corpus" which provides information about Heflin's life and alleged discrimination by the Lucas County Police Department without setting forth a ground for relief. (ECF No. 1 at PageID #: 32-48).

5

On October 4, 2023, Petitioner filed a motion to supplement the record to include "newly discovered evidence" of "corrupt activity" and "felonious criminal acts" committed by his trial counsel Tyrone Riley. (ECF No. 24). Respondent filed an opposition on October 18, 2023. (ECF No. 25). Petitioner filed a reply on November 2, 2023. (ECF No. 26).

V.  Law and Analysis

   A. Statute of Limitations under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283–84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct

appeal to the state appellate court expires unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

The habeas one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351–52 (6th Cir. 2005) (en banc) (holding that a motion to reopen under Rule 26(B) of the Ohio Rules of Appellate Procedure is a collateral proceeding). A post-conviction relief petition is considered "properly filed" only if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Untimely post-conviction petitions or other collateral motions do not toll the AEDPA statute of limitations, despite any exceptions to the timely filing requirement that might exist under state law. *See id.* at 413–14.

### B. Untimely Petition

Respondent asserts that "Heflin's conviction became final forty-five days after the state appellate court affirmed the trial court's judgment" such that his AEDPA statute of limitations began running on October 4, 2011. (ECF No. 16 at 11). Because "Heflin failed to file any actions that would serve to toll the limitations period," Respondent argues that "the statute of limitations ran until it expired on October 3, 2012," rendering Heflin's present petition untimely. (*Id.*). Petitioner does not present any argument that the statute of limitations began to run on a later date.

Because Petitioner failed to file a notice of appeal in the Supreme Court of Ohio within forty-five days of the appellate court's decision affirming his conviction, the Court agrees with Respondent that Petitioner's conviction became final on October 3, 2011. *See* Ohio S. Ct. Prac. R.

7

7.01(1)(a)(i). Pursuant to § 2244(d)(1)(A), the statute of limitations began to run on October 4, 2011, and expired a year later on October 4, 2012. Heflin did not file the instant petition until May 20, 2022, over nine years after the AEDPA statute of limitations expired. Thus, Heflin's petition is untimely unless he is entitled to equitable tolling.

### C. Equitable Tolling

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of demonstrating he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Notably, a petitioner's pro se status or ignorance of procedural requirements "are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). A credible showing of actual innocence is also grounds for granting equitable tolling. *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018). However, this equitable exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.*

Petitioner seems to argue he is entitled to equitable tolling because (1) he is actually innocent and (2) the trial court failed to provide requested documents to him while he was proceeding in state court. (ECF No. 1 at PageID #: 13-14; ECF No. 18 at PageID #: 763-64). However, he has not submitted any reliable new evidence to support his actual innocence claim, instead citing alleged procedural errors in the state court proceedings. (*See* ECF No. 1 at PageID #: 14). To the extent Petitioner relies on various police reports submitted with one of his supplements (*See* ECF Nos. 6-3 to 6-8), he makes no argument or showing that these documents

8

were unavailable to him at the time of trial. Similarly, while Heflin provides a list of alleged witnesses, he again wholly fails to indicate that these witnesses were unavailable at trial. (*See* ECF No. 6-10). And a list of witnesses alone without any indication as to what they would testify to is insufficient to show that it is more likely than not that no reasonable juror would have convicted Petitioner. *Davis*, 900 F.3d at 326.[4] Thus, Petitioner has not shown that he is entitled to equitable tolling based on his alleged innocence.

Petitioner also cannot show that he has been pursuing his rights diligently. After the appellate court affirmed his conviction, Petitioner failed to take any action for over a year. Even if the Court were to take as true Petitioner's assertion that he was unaware of the appellate court's decision affirming his conviction and that he filed his motion for delayed appeal in the Supreme Court of Ohio as soon as he became aware of the decision, Petitioner presents no argument as to why he failed to file his federal petition until over nine years after the Supreme Court denied his motion. As such, he has not shown that he is entitled to equitable tolling. *See Ayers v. Ohio Dep't of Rehab. & Corr.*, No. 5:20-CV-1654, 2023 WL 4931928, at *8 (N.D. Ohio Aug. 2, 2023).

Even assuming Petitioner had been diligent, he fails to demonstrate extraordinary circumstances. Petitioner relies on the alleged misconduct of the trial court in failing to send him documents needed to pursue his state remedies to justify his untimely filing. (*See* ECF No. 1 at PageID #: 13-14). However, this argument fails because the Sixth Circuit "has declined to equitably toll the statute of limitations where a petitioner alleged that the state court and his attorney failed to inform him that a decision had been rendered affirming his conviction." *Kelling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012) (citing *Elliott v. DeWitt*, 10 F. App'x 312-13 (6th Cir. 2001)). Additionally, it is clear that Petitioner was aware of the appellate

---

[4] While Heflin indicated that "[a]ffidavits are forth-coming," none have been received. (ECF No. 6-10 at PageID #: 157).

9

court decision no later than September 24, 2012, the date he signed his notice of appeal to the Supreme Court of Ohio. (ECF No. 16-1 at PageID #: 490). Petitioner fails to identify any documents that he did not have at that time that prevented him from filing his federal petition. Thus, he has not shown extraordinary circumstances exist to justify equitable tolling.

As the petition is untimely and equitable tolling does not apply, the Court recommends the petition be denied.

## VI. Motion for Leave

Heflin's pending motion to supplement the record seeks to add "newly discovered evidence" of "corrupt activity" and "felonious criminal acts" committed by his trial counsel. (ECF No. 24 at PageID #: 836). Heflin alleges that in August and September 2023, Riley took bribes "to ensure that prosecutor, Julia R. Bates, wrongful prosecutions of Defendant's [sic] would go unchalleng-ed." (*Id.* at PageID #: 835-38). Respondent asserts that Heflin "has failed to provide any documents or evidence in support of his claims" and, to the extent Heflin relies on Riley's criminal conviction, the Court may take judicial notice of the court records which show that Riley's conviction arises from conduct after his representation of Heflin had ceased. (ECF No. 25 at 1).

The Court agrees with Respondent. Despite referring to newly discovered evidence, Heflin's motion does not contain any documents or other evidence beyond his reference to Riley's criminal conviction. The simple fact that Heflin's former attorney was convicted in an unrelated matter does not demonstrate misconduct in this case. Additionally, the Court has already concluded above that Heflin's petition is untimely and Heflin has failed to show how Riley's conviction for unrelated bribery charges impacts this conclusion. Thus, because allowing the supplement at this time would be futile, the motion for leave is denied.

### VII. Certificate of Appealability

#### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

#### B. Analysis

Heflin's petition is untimely. If the Court accepts the foregoing recommendation, then Heflin would not be entitled to a certificate of appealability. Thus, it is recommended that the Court not issue a certificate of appealability.

### VIII. Recommendation

Heflin has filed an untimely petition. Thus, his motion to supplement is denied and it is recommended that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: January 4, 2024

                                                *s/Carmen E. Henderson*
                                                Carmen E. Henderson
                                                United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).