UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JERRY JERMAINE HEFLIN**, | ) | CASE NO. 1:22-CV-00863 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| **WARDEN KENNETH BLACK**, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION (ECF NO. 21)** |

Before the Court is a Report and Recommendation ("R&R"), which recommends that this Court deny Petitioner Jerry Jermaine Heflin's (1) October 4, 2024 Motion for Leave Request; Supplement of Newly Disclosed Evidence, with Memorandum (ECF No. 24); (2) Petition for a Writ of Habeas Corpus (ECF No. 1); and (3) request for a certificate of appealability. (ECF No. 27, R&R). Defendant Warden Kenneth Black opposed the Motion for Leave on October 18, 2023. (ECF No. 25). Heflin filed a Reply Brief in support of his motion for leave. (ECF No. 27). Regarding the Petition itself, the Warden filed a Return of Writ, arguing that the Petition is untimely and should be denied. (ECF No. 16, PageID #296–03). Magistrate Judge Henderson construed Heflin's Motion for Leave to File Rebuttal Writ as Required Within the Time Limit Set-Forth as a timely filed Traverse. (*See* Non-Document Order (Oct. 4, 2022); ECF No. 18).

Upon review of the record, the Court hereby **ADOPTS** the R&R in full, with one exception as to when Heflin's conviction became final. Heflin's Motion for Leave (ECF No. 24) is hereby **DENIED** and **DISMISSED**. Heflin's Petition for Writ of Habeas Corpus (ECF No. 1) is hereby

1

**DENIED**. The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

### I. FACTUAL BACKGROUND

The Court adopts Magistrate Judge Henderson's factual findings in full. (*See* ECF No. 27, PageID #867–71). The Court adds that, on January 4, 2024, Magistrate Judge Henderson issued a R&R recommending that this Court (1) deny Heflin's Motion for Leave; (2) deny the Petition as untimely; and (3) decline to issue a certificate of appealability. (*Id.* at PageID #876). On January 22, 2024, Heflin filed a Motion for Leave Request Pursuant to A Reply; [Against This, Report and Recommendation]. (ECF No. 28). The Motion acknowledges the Magistrate Judge's finding that the Petition is untimely. (*Id.* at PageID #880). The Motion also alleges that there was a conflict of interest between the state judge and the elected county prosecutor in his case that was not disclosed to the jury, necessitating reversal of his conviction. (*Id.* at PageID #881). Heflin's Motion alleges that the elected prosecutor, Julia Bates, continues to influence proceedings relating to his conviction, and alleges that Prosecutor Bates has personally steered the outcome in this case. (*Id.* at PageID #884). Heflin claims that Magistrate Judge Henderson is biased against him, and he accuses Magistrate Judge Henderson of misconduct. (*Id.* at PageID #883, 885). Heflin also claims that his trial attorney lost his case intentionally as the result of a bribe from Prosecutor Bates. (*Id.* at PageID #883). Heflin states that he has been the victim of police brutality, which caused injuries that required surgery. (*Id.* at PageID #883). Due to its substantive nature, this Court will construe Heflin's Motion as a timely objection to the R&R.

2

## II. DISCUSSION

### A. The Petition is untimely and Heflin is not entitled to equitable tolling of the applicable statute of limitations.

As the R&R explains, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon all petitions for a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). Relevant here, the one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). A judgment is final when direct review concludes and the time to file a petition for a writ of certiorari with the United States Supreme Court expires. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) ("[F]inality of a state-court judgment is expressly defined by statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'").

The R&R found that Heflin's conviction became final on October 3, 2011. (ECF No. 27, PageID #872). This is because Heflin did not file his notice of appeal in the Supreme Court of Ohio within 45 days of the appellate court's decision affirming his conviction as required by Ohio S. Ct. Prac. R. 701(A)(1)(a)(i). The Court notes that this finding is inconsistent with the Supreme Court's decision in *Jiminez*, which held that a motion for a delayed appeal filed in the state's highest court tolls the running of the statute of limitations in habeas cases. 555 U.S. at 121; see *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (holding that the filing of a motion for a delayed appeal in the Ohio Supreme Court tolls, but does not restart, the limitations period applicable to habeas proceedings). Here, the Ohio Supreme Court denied and dismissed Heflin's motion for a delayed appeal on November 28, 2012. (ECF No. 27, PageID #868; ECF No. 16-1, PageID #507). Heflin could have sought review of that decision by the Supreme Court pursuant to Sup. Ct. R. 10(b) or, more limitedly, (c). The deadline for petitioning the Supreme Court for a

writ of certiorari expired on February 26, 2013. Therefore, following *Jimenez*, Heflin's conviction became final on February 27, 2013.

This action was filed on May 24, 2022, which is more than nine years after Heflin's conviction became final. This Court therefore agrees with the R&R and finds that the Petition for a Writ of Habeas Corpus was untimely filed. (*See* ECF No. 27, PageID #873). The Petition can only be considered by the Court if Heflin is entitled to equitable tolling. There are two ways that Heflin could show that he is entitled to equitable tolling. One way is to show "(1) that he has been pursuing his rights diligently, **and** (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (emphasis added). The second way, applicable to cases in which new evidence demonstrates that a reasonable juror would not have convicted the petitioner, is to make a credible showing of actual innocence. *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018). Heflin can show neither, and is therefore not entitled to equitable tolling.

> 1. *Heflin has not established actual innocence.*

The R&R finds that Heflin has not submitted any reliable new evidence to support his claim of actual innocence, and instead cites procedural errors in the state court proceedings. Some examples of these procedural errors are repeated in Heflin's objection to the R&R—that the trial court judge and elected Lucas County Prosecutor are husband and wife (ECF No. 1-1, PageID #19; ECF No. 28, PageID #881); that his trial counsel and direct appeal counsel were ineffective because they did not make the arguments he wanted them to make, including their failure to present witnesses, police reports, and to object to the relationship between the trial court judge and the elected Lucas County Prosecutor (ECF No. 1-1, PageID #20–21; ECF No. 28, PageID #883); and that the Lucas County Police Department has a pattern and practice of racial discrimination,

causing Heflin a series of injuries, some of which required surgery. (ECF No. 1-1, PageID #33-42; ECF No. 28, PageID #883).

Heflin has not placed anything before this Court to support his claim of actual innocence. Heflin instead suggests that his criminal activity has been, at least in part, the product of necessity. (*See* ECF No. 1-1, PageID #32) (explaining that Heflin learned to steal when his mother was struggling to support him and his siblings). While this Court is sensitive to Heflin's claims concerning police misconduct against black men, Heflin has not shown this Court that police misconduct was responsible for his conviction. Instead, the Court notes that a jury—not the trial court judge—found Heflin guilty of two counts of aggravated robbery with a firearm specification, first degree felonies. *See* Guilty Verdict, *State of Ohio v. Heflin*, No. G-4801-CR-0201001577 (Aug. 4, 2010).

As the R&R points out, the police reports submitted by Heflin in this case were all available to him at the time of trial. (*See* ECF No. 27, PageID #874). The first police report appears to be the report associated with Heflin's eventual aggravated robbery convictions. (ECF No. 6-3, PageID #125). Beneath a portion of the report's narrative indicating that the victim of the robbery witnessed "a black male standing on the corner smoking," Heflin interlineated below, "I DON'T SMOKE." (ECF No. 6-4, PageID #126). The second police report states that, during a traffic stop during which Heflin was driving a car that had been reported stolen, a police officer arrested Heflin pursuant to 11 different warrants out for his arrest. (ECF No. 6-8, PageID #131–32). The report states that Heflin fled the vehicle when the police stopped him, and that Heflin claimed that his jaw hurt after police used force to apprehend him. (ECF No. 6-7, PageID #130). Heflin states that the arresting officers broke his jaw. (ECF No. 1-1, PageID #39). These reports do not establish Heflin's innocence, nor cause the Court to question its confidence in the outcome of Heflin's trial.

*See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (holding that a petition arguing actual innocence must include "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error").

Similarly, the list of witnesses produced in Heflin's supplement to his Petition fails to indicate that these individuals were unavailable to testify at trial. (ECF No. 6-10, PageID #157). Heflin's objection to the R&R cites no further evidence of his purported innocence for this Court to review. As such, the Court agrees that Heflin has not made a showing of actual innocence that could toll the statute of limitations applicable to this action.

> 2. *Heflin has not shown that he has been diligent in the pursuit of his rights or that extraordinary circumstances prevented him from timely filing his Petition.*

The second avenue by which Heflin could be entitled to equitable tolling of the applicable limitations period is by demonstrating both diligence in the pursuit of his rights and extraordinary circumstances resulting in the delay. *Holland v. Florida*, 560 U.S. 631, 649 (2010). As this Court has already stated, nine years passed between the time that Heflin's conviction became final and the time he filed his Petition. While Heflin claims that the Lucas County Clerk of Courts did not timely mail him a copy of the appellate court's judgment affirming his conviction, the R&R notes that Heflin was aware of the appellate court's judgment no later than September 24, 2012, when Heflin signed his notice of appeal to the Ohio Supreme Court. (ECF No. 27, PageID #875; ECF No. 16-1, PageID #490). Heflin offers no other reasons for his failure to timely file his Petition. Heflin therefore has not established his diligent pursuit of his rights.

There is also no evidence of extraordinary circumstances that caused Heflin to file his Petition over nine years late. The R&R explains that the Sixth Circuit "has declined to equitably

6

toll the statute of limitations where a petitioner alleged that the state court and his attorney failed to inform him that a decision had been rendered affirming his conviction." *Kelling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012). Moreover, there is nothing in the record to support the allegations that Lucas County Prosecutor Julia Bates has influenced this case, or that Magistrate Judge Henderson is biased. The R&R accurately states the law and accurately applies that law to the facts of this case. While the Court has made a different finding than the Magistrate Judge as to when Heflin's conviction became final, that finding does not change the outcome as recommended by the Magistrate Judge. The Petition was filed outside of the one-year limitations period, and Heflin is not entitled to equitable tolling. The Petition is therefore untimely and must be denied and dismissed.

### B. Heflin's Motion for Leave seeks relief to which he is not entitled.

Since this Court has already found that the Petition is untimely and requires denial and dismissal, Heflin's Motion for Leave (ECF No. 24) is moot. Even if it were not moot, the "newly discovered evidence" presented in the motion concerns the criminal conviction of his appointed counsel based on conduct that occurred long after his representation of Heflin was over. (ECF No. 24, PageID #836). This information does not cause the Court to question its confidence in the conviction below, and therefore, the Court agrees that including it in the record of this case would be futile. (ECF No. 27, PageID #875). Heflin's motion is therefore denied.

### C. Heflin is not entitled to a Certificate of Appealability.

Finally, the Court adopts the R&R concerning Heflin's request for a certificate of appealability. (*See* ECF No. 27, PageID #876). Since the Petition is untimely, and since no reasonable jurist would question this Court's assessment of the issues before it, no certificate of appealability will issue. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (explaining that, to

obtain a certificate of appealability, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

### III. CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Henderson's R&R and incorporates it herein by reference, with the following exception: Heflin's conviction became final on February 27, 2013, not October 4, 2011. This Court hereby **DENIES** and **DISMISSES** the Petition. The Court also **ADOPTS** Magistrate Judge Henderson's R&R with regard to Heflin's Motion for Leave (ECF No. 24), and hereby **DENIES** the motion. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: June 10, 2024

_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**